O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEROME CLARK ANDERSON, | ) | CASE NO. CV 10-00693 CBM (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| DARREL G. ADAMS, Warden, | ) ) | |
| Respondent. | ) ) | |

  The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

  In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on February 1, 2010. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On January 17, 2001, a Los Angeles County Superior Court jury convicted Petitioner of multiple sexual crimes against a child. He was sentenced to 39 years to life in state prison. Pet. ¶¶ 1-2.

(b) Petitioner appealed, asserting a claim of instructional error, but the California Court of Appeal affirmed on November 5, 2002. The California Supreme Court denied further direct review on January 15, 2003. Pet. ¶¶ 3, 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after April 16, 2003, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d) Six years passed. In 2009, Petitioner commenced a series of unsuccessful state habeas petitions, asserting ineffectiveness of trial counsel and denial of his "right" to DNA testing that he contends would exonerate him. The California Supreme Court denied his final petition on November 10, 2009, with citations indicating its view that Petitioner should have brought his claims earlier.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in April 2004, one year after Petitioner's conviction became final. Petitioner's commencement of state habeas challenges thereafter did not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

1    Petitioner faults his trial counsel for failing to move to suppress an allegedly
2 coerced confession. Even if Petitioner's assertions about the coerced confession, and his
3 lawyer's ineffectiveness, were true, he is still too late to assert that claim. Petitioner was
4 present at both the confession and at his trial. He thus has known the factual predicate of
5 this claim since the time of trial.

6    Petitioner appears to have anticipated that this action would be challenged as
7 untimely, for he seeks to pass through the "*Schlup* gateway." *See Schlup v. Delo*, 513 U.S.
8 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). *Schlup* may permit an otherwise time-
9 barred petition to be considered on its merits. But passage through *Schlup*'s narrow
10 gateway requires a petitioner to "show that, in light of all the evidence, including evidence
11 not introduced at trial, 'it is more likely than not that no reasonable juror would have found
12 petitioner guilty beyond a reasonable doubt.'"

13    Petitioner fails to carry this heavy burden. He submits no evidence at all. He
14 merely argues that *if* his DNA *were* to be tested, it would show him to be innocent.
15 Petitioner's unsupported claim of innocence, when considered "in light of all the
16 evidence," would not make it "more likely than not that no reasonable juror would have"
17 convicted him. The *Schlup* gateway remains closed.

18    No basis appears in the petition for a later AEDPA-limitations-period starting
19 date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace*
20 *v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable
21 tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his
22 rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted*
23 *in Harris, supra*, 515 F.3d at 1054-55.

24    This Court may raise *sua sponte* the question of the statute of limitations bar,
25 so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260
26 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should
27 not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file
28

1  his response to the Court's Order to Show Cause not later than 21 days from the filing date
2  of this Order.
3         If Petitioner does not file a response within the time allowed, the action may
4  be dismissed for failure to timely file, and for failure to prosecute.
5         IT IS SO ORDERED.

7         DATED:    February 2, 2010

                                           _____
                                           RALPH ZAREFSKY
                                           UNITED STATES MAGISTRATE JUDGE